# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEPCO FINANCE CORPORATION, | No. 2:11-mc-0098-GEB-CMK |
| Plaintiff, | |
| vs. | <u>ORDER TO SHOW CAUSE</u> |
| WARRANTY ADMINISTRATION SERVICES, Inc., et al., | |
| Defendants. | |
| _____/ | |

      This matter is before the court for enforcement of a judgment rendered by the United States District Court for the Northern District of Illinois. Plaintiff filed a registration of judgment on December 23, 2011. Plaintiff's application for appearance and examination was granted, and the court issued an order on February 23, 2012 ordering the defendants, Robert Chapman and James Sletner, to personally appear before the undersigned on March 28, 2012, at 9:00 a.m., to furnish information to aid in the endorsement of the judgment (a judgment debtor examination). Defendant James Sletner was personally served with the order to appear for the judgment debtor's examination on March 9, 2012.

      On March 28, 2012, at 9:00 a.m., Plaintiff's counsel Spencer Christensen appeared for the judgment debtor's examination of defendant James Sletner. On special

appearance for defendant James Sletner, counsel Griffith Tonkin informed the court defendant James Sletner would not be appearing as ordered. Plaintiff's counsel requested the issuance of a bench warrant for defendant James Sletner's failure to appear as ordered.

Federal Rule of Civil Procedure 69 directs courts to the "procedure of the state where the court is located" for guidance as to the execution and enforcement of money judgments. Fed. R. Civ. P. 69(a)(1). California law permits a court to hold a judgment debtor in contempt for failure to appear for a judgment debtor examination. See Cal. Code Civ. Proc. § 708.170(a)(1) (providing for contempt or issuance of arrest warrant for failure to appear for a debtor's examination). Such contempt may be punished by a fine of up to $1,000 and imprisonment for five days. See Cal. Code Civ. Proc. § 1218(a) (prescribing contempt sanctions). Moreover, "[i]f the person's failure to appear is without good cause, the judgment creditor shall be awarded reasonable attorney's fees incurred in the examination proceeding" and these fees "shall be added to and become part of the principal amount of the judgment." Cal. Code Civ. Proc. § 708.170(a)(2); see also Cal. Code Civ. Proc. § 1218(a) (authorizing an order directing the judgment debtor to pay the creditor's reasonable attorney's fees in connection with a contempt proceeding).

Prior to finding defendant James Sletner in contempt, the court will require defendant James Sletner to personally appear and show cause why he should not be held in contempt for his failure to appear at the judgment debtor's examination as ordered. See Alcalde v. NAC Real Estate Inv. & Assignments, Inc., 580 F. Supp. 969, 971 (C.D. Cal. 2008). Defendant's failure to appear as ordered herein will result in the undersigned recommending the issuance of a contempt order.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant James Sletner is ordered to personally appear on **April 24, 2012, at 11:00 a.m.**, before the undersigned at 2986 Bechelli Lane, Redding, California, 96002;

/ / /

2

2. Defendant shall show cause why he should not be held in contempt for failure to appear at the judgment debtor examination as ordered; and

3. Plaintiff shall serve a copy of this order to show cause on defendant James Sletner by personal service, and a copy on specially appearing counsel Griffith Tonkin; appropriate proofs of service shall thereafter be filed with the court.

DATED: March 28, 2012

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE